O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CRIMINAL NO. L-05-416** |
| | § | |
| **OSCAR BARRIENTOS** | § | |
| **NORBERTO CAMACHO, JR.** | § | |

<u>**MEMORANDUM AND ORDER**</u>

Pending are Defendants' motions to suppress (Docket Nos. 27 and 28), which were heard on April 1, 2005.  At issue is the validity of the stop of Defendants' vehicle on the evening of February 9, 2005 in Hebbronville, Texas by Jim Hogg County Deputy Sheriff Elias Morales.  Morales claims that he stopped the vehicle because of traffic violations.  Specifically, he testified that he was driving northbound on North Smith in Hebbronville.  As he approached the intersection with West Gruy, he observed a Dodge Durango to his left, traveling east on West Gruy toward Smith.  For some reason, Morales pulled his vehicle onto the right shoulder before entering the intersection and stopped to observe the Durango.  According to him, the Durango made a "rolling stop," and then turned left (north) on Smith. Morales followed the Durango and could see several people sitting, apparently upright, in the backseat of the Durango. Morales then called a partner for backup, which he described as

"routine" when there is more than one person in a subject vehicle.  He followed the Durango for approximately a mile and observed it sometimes straddling the shoulder line.  He turned on his overhead lights and the Durango pulled over.  Morales parked behind the Durango but noticed that its brake lights were on.  This gave him concern that the Defendants might flee, so he remained in his patrol car until his partner arrived, about a minute later.  Morales then approached the driver side of the Durango while his partner approached the passenger side.  Morales directed the driver, Defendant Barrientos, to exit the vehicle while his partner directed passenger Camacho to do likewise.  Both Defendants were immediately handcuffed and placed on their knees.  The video of the incident reveals that, apparently without even questioning the other passengers, Morales' partner called the United States Border Patrol to inform them of an alien smuggling case.  Morales testified that as soon as he saw the passengers through a side window, he concluded that they were undocumented aliens.

Defendant Barrientos gives a different version of the incident.  He denies making any rolling stop through the intersection.  Smith Street is a major street in Hebbronville and Barrientos testified that traffic precluded him from making a rolling stop.  According to Barrientos, while he was stopped at

the intersection, Deputy Morales crossed the intersection in front of him, traveling from his right to left.  Then, according to Barrientos, after turning left onto Smith, he subsequently caught up to Morales.  Morales pulled over to the side of the road and Barrientos passed him.  Shortly after, Morales signaled for the stop.  Barrientos also denied that he straddled the shoulder line.

As an aside, driving on an improved shoulder is not automatically impermissible in Texas.  *See* Tex. Transp. Code Ann. § 545.058(a) (Vernon 2005).  When necessary and "done safely," a driver may drive on an improved right shoulder under several circumstances, including to allow another faster traveling vehicle to pass.  *Id*.  At the hearing, Deputy Morales acknowledged that it was possible Barrientos was endeavoring to let Morales pass him.

It is the Government's burden to prove that there was probable cause to believe that a traffic violation occurred on this occasion.  The Court is not persuaded that the burden was met here.  The totality of the evidence indicates that from the outset, Deputy Morales believed the Defendants were committing a smuggling violation of some kind.  The fact that they were entering Hebbronville on West Gruy rather than West Viggie Street fueled this suspicion.  Seeing several passengers in the vehicle,

undoubtedly added to it.  Morales' testimony that immediately upon seeing the Durango approach Smith Street, he pulled over to see if the vehicle would make a complete stop strains credulity.  Moreover, Barrientos' version of the events is bolstered by the officer's own video.  As Morales was handcuffing Barrientos, he is heard to say "You saw me when I passed you, didn't you?"  The calling of a backup patrol unit and the immediate removal, handcuffing, and directed kneeling of the two occupants does not appear to be the normal and reasonable response to a rolling stop at a stop sign.

The Government offers no other justification for the stop of the Durango, and the Court's independent evaluation of the evidence does not indicate a reasonable suspicion prior to the stop that the Defendants were transporting undocumented aliens.

For the foregoing reasons, the Motion to Suppress is GRANTED.

DONE at Laredo, Texas, this 5th day of July, 2005.

_____
George P. Kazen
United States District Judge